United States District Court
Southern District of Texas
**ENTERED**
July 24, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO LOPEZ GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-08 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Pedro Lopez Garcia is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID) and currently is incarcerated at the Stevenson Unit in Cuero, Texas.  Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December 28, 2017.[1]  Petitioner claims that his constitutional rights were violated during trial proceedings and also that his claims were not thoroughly examined in a prior federal petition.  Respondent filed a motion for summary judgment on April 16, 2018 (D.E. 11) to which Petitioner did not respond.  For the reasons set forth below, it is recommended that Respondent's motion be granted.  Petitioner's application for habeas corpus relief should be dismissed without prejudice as second or successive, or, in the alternative, with prejudice as time-barred.  Petitioner's claim regarding the failure of the district court to thoroughly examine his previous claims

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on December 28, 2017 and it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

should be dismissed because it is not cognizable in this lawsuit.   It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper here because Petitioner was convicted in San Patricio County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.   28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On July 3, 2010, Petitioner was indicted in the 36th Judicial District Court of San Patricio County, Texas on one count of aggravated sexual assault and two counts of indecency with a child.   *Ex Parte Lopez*, WR 83-780-01 at 64-66 (D.E. 12-6 at pp. 66-68).   Petitioner was tried in front of a jury and found not guilty of aggravated sexual assault but guilty of two counts of indecency with a child.   *Id.* at 67-69 (D.E. 12-6 at pp. 69-71).   On October 6, 2010 punishment was assessed by the court which imposed two twelve-year sentences to run concurrently.   *Id.*   (D.E. 12-6 at pp. 69-71).   Petitioner did not file a direct appeal (D.E. 1 at p. 3).

Petitioner filed an application for habeas corpus relief in state court on July 10, 2015.   *Id.* at 1-36 (D.E. 12-6 at pp. 3-38).   The application was denied without written order on September 23, 2015.   *Id.* at "Action Taken" page (D.E. 12-1).   Petitioner filed two more state habeas applications, both of which were denied as subsequent pursuant to Tex. Code Crim. Proc. Art. 11.07 § 4(a)(c).   *Ex Parte Lopez*, WR 83-780-02 at 2-36 and

"Action Taken" page (D.E. 12-9 at pp. 4-38; D.E. 12-7); *Ex Parte Lopez*, WR 83-780-03 at 6-22 and "Action Taken" page (D.E. 12-16 at pp. 8-24; D.E. 12-10).

Petitioner filed an application for habeas corpus relief in federal court on June 2, 2016 and it was dismissed as time-barred on March 28, 2017. *Lopez v. Davis*, No. 2:16-cv-202 (S.D. Tex. 2017).[2]  Petitioner sought a Certificate of Appealability from the Fifth Circuit Court of Appeals and it was denied on March 13, 2018. *Id.* at D.E. 48.[3]

Petitioner filed the instant federal habeas action on December 28, 2017 and asserts that he received ineffective assistance of counsel when his attorney (1) failed to communicate with him effectively to explain the trial proceedings; (2) failed to properly counsel Petitioner to accept a plea offer of eight years when it was offered; (3) failed to make a double-jeopardy argument; (4) failed to recognize that Petitioner did not understand the proceedings; (5) failed to conduct an independent investigation; (6) failed to argue that Petitioner was incompetent to stand trial; and (7) failed to put on evidence showing that Petitioner was innocent.  Petitioner also argues that the federal court failed to thoroughly examine his previous habeas corpus application.

In Respondent's motion for summary judgment, she argues that Petitioner's habeas corpus cause of action is barred by the statute of limitations.  She states that Petitioner's cause of action is not second or successive as defined by 28 U.S.C. § 2244(b), but

---

[2] In the first case, Petitioner was identified on the docket as Pedro Lopez, while in this case he is identified as Pedro Lopez Garcia.  His TDCJ-CID identification number, 01680339, is the same in both cases.

[3] Petitioner also filed an earlier federal habeas application in the San Antonio Division of the Western District of Texas in 2016. *Lopez v. Stephens*, No. SA-16-CA-339-DAE (W.D. Tex. 2016).  That case was dismissed without prejudice for lack of jurisdiction because Petitioner was convicted in the Southern District of Texas.

reserved the right to argue that the claims are second or successive, as well as that they are unexhausted and procedurally barred.

## APPLICABLE LAW

### A.  Second or Successive

Although Respondent asserted that Petitioner's cause of action is not second or successive, an examination of his prior federal habeas application shows otherwise.[4]  A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ.   *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

 Petitioner either raised or could have raised the same issues that he raises in his current petition in his 2016 petition.   Therefore, his instant petition is "second or successive."  *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(application which follows earlier application dismissed as time-barred is second or successive).

---

[4] A court may *sua sponte* examine whether a claim is second or successive because a district court does not have jurisdiction over claims that are second or successive.  *See* 28 U.S.C. § 2244(b)(3)(A) and *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This Court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).  This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court.  *See* 28 U.S.C. §2244 (b)(3)(A).[5]  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002);  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies 28 U.S.C. § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.  Accordingly, it is recommended that Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

---

[5] Petitioner would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

**B. Statute of Limitations**

In the alternative, Petitioner's cause of action should be dismissed with prejudice because it is time-barred.  Regarding the deadline for filing an application for writ of habeas corpus, 28 U.S.C. § 2244 (d) provides the following:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a direct appeal and thus his conviction became final on November 6, 2010 which was thirty days after final judgment was entered.  28 U.S.C. § 2244(d)(1)(A).[6]  Petitioner had one year from that date, or until November 6, 2011, to file

---

[6]*See* Tex. R. App. P. 26.2 (notice of appeal must be filed within thirty days after day sentence is imposed).

his federal petition.  He did not file it until December 28, 2017, more than six years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  Petitioner filed his state habeas petition on July 10, 2015 and it was pending until September 23, 2015.  However, because the state petition was filed after the expiration of the limitations period, it did not toll the statute of limitations.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).   Accordingly, Petitioner's habeas corpus action is barred by the AEDPA statute of limitations.

## C.  Equitable Tolling

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).   The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Nor do illiteracy, lack of

legal training, or ignorance of legal rights toll the limitations period.  *Id.* (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1991) and *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A garden variety claim of excusable neglect does not support equitable tolling.  *Id.*  A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence.  *Holland v. Florida*, 560 U.S. 631, 653(2010)(internal citations and quotations omitted).

Petitioner has not made either showing in this case.  Accordingly, he is not entitled to equitable tolling of the statute of limitations and it is recommended that his application for habeas relief be dismissed with prejudice.

**D.  Claims Relating to Prior Dismissal of Lawsuit**

As mentioned above, the first federal habeas action Petitioner filed in this Court was dismissed as time-barred.  *See Lopez*, No. 2:16-cv-202 at D.E. 23-24.  Petitioner filed a motion to alter or amend the judgment in that case and it was denied.  *Lopez* at D.E. 27, 28, 33, 45.  Petitioner filed a notice of appeal with the Fifth Circuit Court of Appeals

which the court construed as a motion for a certificate of appealability and denied on

March 13, 2018.  *Lopez* at D.E. 48.

To the extent Petitioner is asserting that this Court failed to adequately assess his

claims in that case, his claim is not cognizable.  He has sought and been denied review of

that determination and this Court is without jurisdiction to address it further.

**E.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the

issue of whether she is entitled to a COA will be addressed.  *See Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court.  Further briefing and argument on the very issues the court

has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner

must show that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find it debatable that Petitioner's claims are second and successive as well as time-barred.  Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 11) be GRANTED.  Petitioner's application for habeas corpus relief should be DISMISSED without prejudice because it is second or successive, or, in the alternative, DISMISSED with prejudice because it is time-barred. Any claim Petitioner is making

with regard to *Lopez v. Davis*, No. 2:16-cv-202 (S.D. Tex. 2017), also should be

DISMISSED.  It is further recommended that a Certificate of Appealability be denied.

     Respectfully submitted this 24th day of July, 2018.

                                                 

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).